458 So.2d 907 (1984)
STATE of Louisiana
v.
Donnie Ray CHEATWOOD.
No. 83-KK-2615.
Supreme Court of Louisiana.
November 26, 1984.
*909 Bobby L. Culpepper, Culpepper, Teat, Caldwell & Avery, Jonesboro, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., Michael Bonnette, John G. Williams, Asst. Dist. Attys., for respondent.
LEMMON, Justice.
We granted a writ of review to determine whether the evidence in this case was sufficient to support defendant's conviction of criminal neglect of family.
Defendant and his former wife were divorced on November 14, 1980. The judgment awarded the wife custody of their two minor children and ordered defendant to pay $200 per month to his former wife for support of the children. Although defendant made a payment soon after that, he quickly fell behind. The wife filed a rule in the civil proceeding to have the amount of past due alimony determined and made executory, and the court in February, 1981 rendered judgment for $700. When defendant had still not provided any additional support by October, 1981, the present criminal proceeding was instituted, formally charging him with criminal neglect of family in violation of La.R.S. 14:74.
At the trial, defendant did not contest the fact that he had not provided financial support for the children, but explained that an injury had disabled him from working. He testified that he was injured two days after his divorce and eventually underwent surgery in December, 1981. According to his unchallenged testimony, he was still wearing a back brace at the time of trial and was unable to work. Without objection, defendant introduced a March, 1983 statement from an orthopedic brace supplier which indicated receipt of an authorization for a new back brace, and he read a statement from a medical report by his attending physician that he "is disabled because of a chronic lumbar sacral disc syndrome".[1] According to defendant, the physician had prescribed various medications and warned defendant that he would risk paralysis if he did not properly care for his back.
After hearing the evidence, the judge found defendant guilty and sentenced him to serve six months in jail. The court of appeal, by a divided vote, denied defendant's application for writ of review on the basis that there was "no error in the trial court's ruling". Defendant then applied to this court for a writ of review, which was granted. 444 So.2d 1227.
In order to convict a parent of criminal neglect of family under La.R.S. 14:74, the state must prove more than the parent's mere noncompliance with a court order in a civil proceeding based on La.C.C. Art. 227. State v. Guillot, 389 So.2d 68 (La.1980). The state must prove that the parent intentionally failed to support his children and that the children were in destitute or necessitous circumstances. State v. Moran, 400 So.2d 1359 (La.1981).
*910 Criminal neglect of family is a general intent crime. La.R.S. 14:10 and 11. Since the prohibited conduct is the "negative act" of failing to perform his affirmative duty to support, the "intentional nonsupport" element of the crime is proved by evidence that (1) the parent failed to provide support and (2) the parent was, or under the circumstances should have been, aware of the need for support.[2]
A person's otherwise criminal conduct may be justified under certain circumstances. See La.R.S. 14:18. Physical inability to perform an affirmative duty is statutorily recognized as a defense which negates criminal responsibility.[3] Since "justification" defenses are not based on the nonexistence of any essential element of the offense, but rather on circumstances which make the accused's conduct excusable on policy grounds, such defenses should be treated as affirmative defenses which the accused must establish by a preponderance of evidence.[4] Moreover, in cases involving criminal neglect of family, the Legislature apparently intended for physical incapacity to be an affirmative defense, because La.R.S. 14:74B includes the provision that "[p]hysical incapacity which prevents a person from seeking any type of employment constitutes a defense to the charge of criminal neglect of family". Therefore, a parent who knowingly fails to support his children who are in necessitous *911 circumstances may nevertheless escape culpability by establishing (by a preponderance of evidence) that his failure to perform his affirmative duty was caused by "physical impossibility" (such as physical incapacity to work or perhaps lack of opportunity for work without fault on the parent's part).
In the present case, defendant admitted that he knowingly failed to provide support to his needy children, but defended on the basis that he did not have the means or the physical ability to provide support. Therefore, defendant had the burden to prove the affirmative defense by a preponderance of the evidence.
Defendant testified that he was disabled from working because of an injury two days after the divorce and because of subsequent surgery and ongoing treatment. His testimony as to the injury, surgery and continuing disability was corroborated by testimony of his present wife and by hearsay evidence introduced without objection. Additionally, defendant's former wife and her mother admitted that defendant had supported his children prior to the divorce and that they had heard of his injury and surgery.[5]
The state did not challenge defendant's contention that a disabling injury prevented him from seeking gainful employment and left him dependent for his own support on monthly food stamps in the amount of $26 and on his present wife's limited means.[6] There was no evidence that defendant was either working or physically able to work.
An appellate court, in reviewing any criminal conviction, must determine whether the overall evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the accused was guilty of every element of the offense. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing a conviction in which the defendant offered evidence tending to establish the affirmative defense of justification, an appellate court must determine whether a rational trier of fact could have concluded by a preponderance of the evidence, viewed in the light most favorable to the prosecution, that defendant's failure to perform his affirmative duty did not result from physical incapacity to work.[7] The evidence in the present case, viewed in the light most favorable to the prosecution, clearly preponderated in favor of a conclusion that defendant was physically incapacitated because of a back injury and was unable to work, and a rational trier of fact could not have reached a contrary conclusion on this evidence.
Accordingly, defendant's conviction and sentence are reversed, and defendant is ordered discharged.
DIXON, C.J., and MARCUS, J., concur.
DENNIS, J., concurs in the decree.
NOTES
[1] Defendant's hearsay testimony concerning the medical report was admissible because it was received without objection. See State v. Allien, 366 So.2d 1308 (La.1978); State v. Bouttee, 384 So.2d 773 (La.1980). A later prosecution objection barred admission of the actual report.
[2] Because a parent's obligation to support his children is dependent upon the children's need for support and the parent's awareness of that need, the word "intentionally" in the statute may be equated with "knowingly".
[3] La.R.S. 14:18(5) provides:

"The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:
* * * * * *
"(5) When the crime consists of a failure to perform an affirmative duty and the failure to perform is caused by physical impossibility;"
[4] See State v. Moore, 444 So.2d 253 (La.App. 1st Cir.1983), and State in the Interest of White, 411 So.2d 537 (La.App. 1st Cir.1982), treating the justification defense of "compulsion" as an affirmative defense to be established by defendant by a preponderance of the evidence. See also State v. Freeman, 427 So.2d 1161 (La.1983), n. 5; State v. Landry, 381 So.2d 462 (La.1980).

In Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), the Court said:
"[T]he Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which defendant is charged. Proof of the non-existence of all affirmative defenses has never been constitutionally required ...." 97 S.Ct. at 2327.
Except in a few specific instances, such as La.R.S. 14:63 (trespassing), La.R.S. 14:69 (possession of stolen property) and La.R.S. 14:14 (insanity), Louisiana statutory criminal law does not directly address the burden of proof for "defenses". Nevertheless, there is a logical distinction between those defenses which actually defeat an essential element of the offense and those defenses which present exculpatory circumstances that defeat culpability, despite the state's proof beyond a reasonable doubt of all the essential elements. In the first category are defenses such as intoxication (La.R.S. 14:15) and mistake of fact (La.R.S. 14:16), which preclude the presence of a mental element of the offense. When such defenses are raised by the evidence, the state must overcome the defense by evidence which proves beyond a reasonable doubt that the mental element was present despite the alleged intoxication or mistake of fact. Otherwise, the state would fail to meet its constitutional and statutory burden of proving guilt beyond a reasonable doubt of each element of the offense charged. La.Const. Art. I § 16 (1974); La.C.Cr.P. Art. 804; La.R.S. 15:271. However, defenses such as justification (La.R.S. 14:18) are truly "affirmative" defenses, because they do not negate any element of the offense. Compare United States v. Mitchell, 725 F.2d 832 (2nd Cir.1983) with State v. Burrow, 293 Or. 691, 653 P.2d 226 (1982); see also Model Penal Code, Proposed First Draft No. 1, § 1.12(2) (1961).
It is logical to conclude that the Legislature intended to require the state to prove beyond a reasonable doubt only the elements of the offense and to require defendant to prove by preponderance of evidence the exculpatory circumstances constituting the "affirmative" defense. See W. Lafave & A. Scott, Criminal Law § 8 (1972). The statutory provisions setting forth the state's burden of proof refer only to the requirement that the state prove the elements of the crimenot that the state disprove the exculpatory circumstances constituting defenses which defeat criminal culpability despite proof of the presence of all elements of the offense. See La.R.S. 15:271; La.C.Cr.P. Art. 804; former La.C.Cr.P. Arts. 263 and 387 (1928). See also State v. Freeman, 427 So.2d 1161 (La.1983), Lemmon, J., concurring.
[5] Defendant had filed a motion in the civil proceeding to suspend the support order temporarily on account of his disability.
[6] Prior to his remarriage, defendant had received monthly disability benefits (first of $56.00 and later of $91.00) from Family Security, but these benefits had been discontinued prior to trial. Defendant had also applied for Social Security benefits for himself and his children, but the claim was still pending at time of trial.

Defendant and his new wife lived in a home that she owned by inheritance from her former husband. Her only income was in the form of social security benefits, which she claimed was not enough to pay her living expenses.
[7] Both determinations employ a rational factfinder standard, and both accord deference to the factfinder by requiring the evidence to be viewed in the light most favorable to the side that the factfinder favored in the verdict. In the first, the appellate court determines the issue of the sufficiency of the evidence; in the latter, the appellate court determines the issue of the preponderance of the evidence. Both are issues of law.

In State v. Roy, 395 So.2d 664 (La.1981), this court employed a standard similar to the latter standard in reviewing the evidence offered in support of the affirmative defense of insanity. See also State v. Gerone, 435 So.2d 1132 (La. App. 1st Cir.1983); State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984).