DOUCET, Judge.
The defendant was charged with criminal neglect of family during the period from August 1, 1985, until December 2, 1985. He was found guilty and sentenced to six months in jail. The jail sentence was suspended and he was placed on three years active probation and ordered to pay $275 a month, $25 of which was to be applied to arrears until paid. The court recognized that arrears were paid prior to trial and so reduced the amount to $250 per month. Defendant now seeks supervisory relief from his conviction.
The facts show that at the time of trial of this matter, defendant and the prosecu-trix had been divorced for five years. There are three children of the marriage ages 16, 17, and 20. At the time of the divorce, the defendant was civilly ordered to pay $375 a month child support. He paid that amount until the oldest child reached the age of majority. At that time the defendant reduced the amount he paid to $250 per month. The prosecutrix admitted under oath that she consented to the *1184 reduction. From that time until August of 1985, defendant kept up with his payments.
In the meantime, the defendant had been receiving a military retirement pension. The defendant did not realize that the pros-ecutrix might be entitled to a share of that pension. After the passage of 10 U.S.C.A., § 1408(c)(1) (West 1983), the prosecutrix sued and obtained an apportionment of the defendant’s military pension. The prosecu-trix began receiving her share of $264.59 monthly directly from the military in August 1985. From that time, defendant began receiving $264.59 less in his monthly pension check.
The prosecutrix testified at trial that the defendant first began to fall behind in his child support payments that August when she began receiving part of his military pension. The defendant sent nothing in August and September, $62.50 in October and November, and $50 in December. The defendant was thereafter charged with criminal neglect of family.
The sole issue before this court is whether the lower court erred in finding the defendant guilty of the offense of criminal neglect of family.
La. R.S. 14:74 provides in pertinent part:
“A. (1) Criminal neglect of family is the desertion or intentional nonsupport:
* * # * * *
(b) By either parent of his minor child who is in destitute or necessitous circumstances, there being a duty established by this section for either parent to support his child.”
The defendant contends that the trial court erred in finding him guilty under the above statute in that the elements of the crime, intent and destitute or necessitous circumstances, were not proven beyond a reasonable doubt.
To convict a parent of the offense of criminal neglect of family, the prosecution must prove more than the parent’s mere non-compliance with a court order in a civil proceeding based on La.Civ.Code art. 227. State v. Cheatwood, 458 So.2d 907 (La.1984). State v. Guillot, 389 So.2d 68 (La.1980). The prosecution must prove that the parent intentionally failed to support his children and that the children were in destitute or necessitous circumstances. State v. Cheatwood, supra, at 909. State v. Moran, 400 So.2d 1359 (La.1981).
The element of destitute or necessitous circumstances is an essential element of the offense of criminal neglect of family. In discussing the element of “necessitous circumstances” in State v. Moran, 400 So.2d 1359, 1363 footnote 7 (La.1981), the Louisiana Supreme Court stated as follows:
“A parent’s duty under the criminal law to support his child involves more than salvation from destitution. Proper considerations are requirements for food, shelter, clothing, health, education and comfort, determined in the light of the circumstances of all persons involved.”
The prosecutrix testified at trial that her children are adequately clothed and that they have enough food to eat. She and the children live in a house and the record does not reflect any complaints about the living conditions of the house. The prosecutrix owns her own car. The prosecutrix has never been forced to apply for any public assistance to support her family.
The prosecutrix received a $10,000 settlement after the divorce. She makes a gross income of $1,477 a month. That sum represents her income before she receives child support and the $264.59 a month from the defendant's military pension. She admits that she received the pension check throughout the months in question when she was receiving less than the full amount of child support from the defendant. Therefore, she was making, in effect, the same amount of money after the defendant stopped sending her $250 a month support as she had been receiving since the oldest child reached majority at which time she had consented to the reduction from $375 a month to $250 a month. The children were apparently not destitute before August 1985, and nothing in the record suggests that they became destitute between that date and December 1985. We are not con *1185 vinced that these children were in necessitous circumstances either before their father fell behind in his payments or afterward.
This court recognizes that the pension check represents the prosecutrix’ share of the former community between herself and the defendant. It is not being paid under a civil obligation to support the children. However, the issue in this criminal proceeding is the circumstance of the children, so whether owed to mother or children, that income is relevant to determine whether the children are, in fact, in need.
The amount of support required by R.S. 14:74 is not necessarily co-extensive with the amount of support which may be (or may have been) fixed under different standards applicable to the determination of a civil obligation for child support. Thus, while evidence of a parent’s partial or total failure to discharge his civil obligation is admissible, that evidence is not alone determinative of his guilt of criminal neglect of family. The determination of defendant’s criminal liability depends upon proof of the elements of the crime listed in the criminal statutes. State v. Moran, 400 So.2d at 1363 (La.1981).
The standard of appellate review in cases involving challenges to the sufficiency of evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Duncan, 420 So.2d 1105 (La.1982).
Even applying the Jackson v. Virginia standard, the prosecutrix’ testimony, in our view, falls far short of proving beyond a reasonable doubt that these children are in destitute or necessitous circumstances. The only deprivations she mentions are lack of vacations and dining out. Vacations and eating out are not classified as necessities of life.
Since, in our opinion, the State failed to prove the “necessitous circumstances” element of the crime, we are required to overturn the defendant’s conviction on the ground of insufficiency of evidence.
Even assuming that one could say the evidence did prove these children were in need, we find that there is no evidence in the record at all to prove criminal intent on the part of the defendant.
Criminal neglect of family is a general intent crime. La. R.S. 14:10 and 14:11. Since the prohibited conduct is the “negative act” of failing to perform his affirmative duty of support, the “intentional nonsupport” element of the crime is proved by evidence that (1) the parent failed to provide support and (2) the parent was or under the circumstances should have been, aware of the need for support. State v. Cheatwood, 458 So.2d at 910 (La.1984).
In footnote 2 of Cheatwood, supra, the Supreme Court further explains the intent element, saying that, “[b]ecause a parent’s obligation to support his children is dependent upon the children’s need for support and the parent’s awareness of that need, the word ‘intentionally’ in the statute may be equated with ‘knowingly’.”
There is no evidence in the record to suggest that the defendant knew the children were in need, if indeed they were. The prosecutrix voluntarily consented to a reduction in the child support when the oldest reached majority. There is no mention that she ever sought to modify the judgment to increase support in the years before this criminal proceeding was brought. Even though he did not send the full amount of support after August 1985, the defendant knew the prosecutrix was receiving approximately $14,50 more per month due to her allotment of his military pension. Since there was no indication that the children were in need before August 1985, and after August 1, 1985, their mother’s income actually increased, it cannot be said that the defendant knew or should have known that the children were in need from August until December of 1985. We *1186 don’t think one can infer knowledge or intent from those facts. The only possible evidence of intent in the record is that the defendant got behind in his payments. That evidence alone is insufficient to prove beyond a reasonable doubt the criminal intent requirement of La. R.S. 14:74.
For the foregoing reasons, the writ granted herein is made peremptory and we reverse the conviction and sentence of the trial court.
REVERSED AND RENDERED.