684 So.2d 432 (1996)
STATE of Louisiana
v.
Charles Edward CARTER.
No. 96 KA 0337.
Court of Appeal of Louisiana, First Circuit.
November 8, 1996.
*433 John Wayne Jewell, Emma Devillier, Assistant District Attorneys, New Roads, for Appellee, State of Louisiana.
*434 Alvin Batiste, Jr., Plaquemine, for Defendant/Appellant, Charles Edward Carter.
Before SHORTESS, LeBLANC and TANNER,[1] JJ.
LeBLANC, Judge.
Charles Edward Carter, defendant, was charged by grand jury indictment with second degree murder, in violation of La. R.S. 14:30.1. He pled not guilty, and after a jury trial was found guilty as charged. Defendant received a life sentence, without benefit of probation, parole, or suspension of sentence, and was given credit for time served. Defendant has appealed his conviction. Defendant's attorney filed a brief with this court raising two issues for review: 1) sufficiency; and 2) the correctness of specific jury charges; defendant also filed a pro se brief and supplement with this court raising six issues for review: 1) failure to rule on defendant's motion to quash; 2) sufficiency; 3) allowing Dr. Vosburg's testimony at the suppression hearing; 4) failure to recuse Judge Claiborne; 5) errors by the prosecution; and 6) ineffective assistance of counsel.

FACTS
In the late afternoon of August 9, 1992, defendant and Doris Baker, with whom he was living in open concubinage, attended a party given by Ms. Baker's family. The party was held at Ms. Baker's mother's home, located on the same street where defendant and Ms. Baker lived. After the party, defendant and Ms. Baker began walking home. Witnesses testified the two were engaged in a loud argument. While Ms. Baker remained in their front yard, defendant left and then returned with a knife. Defendant stabbed Ms. Baker repeatedly while she attempted to flee.
After the incident, defendant briefly attempted to clean or wipe away blood on Ms. Baker with a towel. Defendant then walked to his parent's home, located on an adjoining street. Ms. Baker was transported to Pointe Coupee General Hospital Emergency Room, where she was pronounced dead. Defendant was arrested at his parent's home.
Defendant pled not guilty and not guilty by reason of insanity; however, defendant later amended his plea to not guilty. After a jury trial, defendant was found guilty as charged and sentenced to life imprisonment. He now appeals.

I.

A. SUFFICIENCY OF THE EVIDENCE

Defendant's attorney, by assignment of error number one, and defendant, by assignment of error number two, raises the issue of the sufficiency of the evidence. We note the proper procedural vehicle for raising the issue of the sufficiency of the evidence is by a motion for a post-verdict judgment of acquittal. La.C.Cr.P. art. 821. However, this issue was presented by a formal assignment of error and we will consider it. See State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the state proved the essential elements of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review, incorporated in article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt.
La. R.S. 14:30.1 provides, in pertinent part:
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm....
Specific intent is defined as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. R.S. *435 14:10. Specific intent need not be proven as a fact and may be inferred from the circumstances present and the actions of the defendant. State v. Wisinger, 618 So.2d 923, 931 (La.App. 1st Cir.), writ denied, 625 So.2d 1063 (1993). Specific intent is a legal conclusion to be resolved ultimately by the trier of fact. State v. Lewis, 525 So.2d 215, 217 (La.App. 1st Cir.), writ denied, 531 So.2d 469 (1988).
Defendant contends that his intoxication at the time of the offense prevented his formation of the specific intent to kill or to inflict great bodily harm. He asserts the State did not prove beyond a reasonable doubt that specific intent was present despite the defendant's intoxication.
The State presented the testimony of four children who witnessed the incident. Each testified they lived on the same street and knew the defendant and the victim at the time of the offense. They testified they observed defendant and Ms. Baker walking home from the party, arguing. Two of the children were asked if defendant appeared intoxicated. Oubert Taylor, Jr., aged 13 at the time of the trial, stated defendant "walked regular", and Pernell Cain, a 7th grader, testified defendant was "walking normally" before the incident.
In addition, Detective John Jarreau, who arrested defendant at his parents' home immediately after the incident, stated he did not smell alcohol on defendant and that during the arrest, defendant walked straight, "without any hesitation". Officer Donnell Francios, who transported defendant from his parents' home to the detention center, testified he did not smell alcohol on defendant and did not see any signs of intoxication. Officer Robert Aguillard, also at the scene of the arrest, stated when defendant was taken into custody, he did not appear intoxicated.
When defendant was booked into the detention center, Security Officer John Jeanpierre placed defendant in the "detoxification" cell. Officer Jeanpierre stated this was because it was feared defendant was suicidal, not because he appeared intoxicated. If a detainee is highly intoxicated, Officer Jeanpierre testified he would be transported to the hospital emergency room for medical treatment. Defendant was not transported. Control Operator Janell Joseph, present when defendant was booked and able to observe defendant after his detention, stated defendant was placed on suicide watch and was not staggering or falling down, although Ms. Joseph admitted speculating to defendant's attorney if defendant was intoxicated or on drugs after his arrest.
Defendant offered the testimony of Robert T. Snyder, a psychologist in private practice and accepted as an expert in penal, forensic, and general psychology. He stated it was his opinion that at the time of the incident, defendant was in an acute state of alcoholic intoxication and may also suffer from Induced Persisting Amnesic Disorder. Mr. Synder stated he spoke with defendant once in prison, and had based his opinion on that meeting and testimony given at the trial. Defendant's father also testified. He stated defendant came to his home around 7:30 a.m. the day of the incident, and defendant was drinking a beer at that time. Defendant's father testified defendant had a drinking problem, and defendant was intoxicated the day Ms. Baker was murdered. A video tape taken during the party was also introduced at trial. In it, defendant was filmed holding a beer can.
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have inferred beyond a reasonable doubt that defendant was not so intoxicated that it precluded the presence of specific criminal intent. These assignments are without merit.

B. JURY CHARGES

In this assignment of error, defendant's attorney avers the trial court erred when it refused to give a proposed special jury charge. He further argues the jury charge given went beyond a simple reading of the statute governing the defense of intoxication and was not in accordance with Louisiana jurisprudence.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if *436 it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given. La.C.Cr.P. art. 807. A trial court is required to charge the jury, in response to an otherwise proper request, as to the law applicable to any theory of defense which a jury could reasonably infer from the evidence. State v. Marse, 365 So.2d 1319, 1323 (La.1978).
Defendant requested the following jury charge be given:
When defenses which actually defeat an essential element of an offense, such as intoxication, are raised by the evidence the State must overcome the defense by evidence which proves by a reasonable doubt that the mental element of specific criminal intent was present despite the alleged intoxication.
Since the defense of intoxication would actually defeat an essential element of the offense of second degree murder, specific criminal intent, the accused does not have the burden of proving intoxication by a preponderance of the evidence.
At trial, the charge given to the jury included the following:
Although the State must prove, beyond a reasonable doubt, the essential elements of the crime with which the defendant is charged, intoxication is in the nature of an affirmative defense and the burden is on the defendant to prove by a preponderance of the evidence that he was intoxicated at the time of the offense. A `preponderance of the evidence' means the existence of the fact sought to be proven must be more probable than not.
If the defendant proves he was intoxicated, the state may still overcome the defense by evidence which proves beyond a reasonable doubt that the defendant had the specific intent to kill or inflict great bodily harm despite the alleged intoxication.
Defendant argues he had no burden to prove intoxication, that when the defense of intoxication is merely "raised by the evidence", the burden shifts to the state to prove beyond a reasonable doubt that the specific intent element was present. We do not agree.
It is well established that intoxication is in the nature of an affirmative defense to a criminal charge, and the burden is upon the defendant to prove the existence of that condition at the time of the offense.[2]State v. Davis, 451 So.2d 1, 3 (La.App. 1st Cir.1984). What we must decide is whether that burden was correctly identified by the trial court as "by a preponderance".
The defendant must prove the existence of an intoxicated or drugged condition sufficient to negate the State's evidence establishing the requisite specific intent. State v. Journet, 629 So.2d 1387, 1389 (La.App. 3rd Cir.1993). This burden is sufficiently greater than what has been referred to by some as the burden of pleading. See generally Robinson, Criminal Law Defenses §§ 3-5 (1984). The defendant's proof of his defense must be great enough to rebut the State's evidence. An affirmative defense must be established by a preponderance of evidence. State v. Landry, 381 So.2d 462, 467 (La.1980).
A review of the jurisprudence relying on this preponderance standard includes the defense of compulsion, State in the Interest of White, 411 So.2d 537, 538 (La.App. 1st Cir.1982); justification, State v. Ducote, 452 So.2d 1305, 1308 (La.App. 3rd Cir.1984); physical impossibility, State v. Cheatwood, 458 So.2d 907, 910 (La.1984); entrapment, State v. Cook, 460 So.2d 1075, 1083-84 (La. App. 2nd Cir.1984), writs denied, 466 So.2d 465, 466 (1985); self-defense, State in the Interest of D.W., 528 So.2d 1071, 1073 (La. App. 5th Cir.1988); and, compulsion State v. Barnes, 489 So.2d 402, 404 (La.App. 5th Cir.), writ denied, 494 So.2d 1174 (1986). Although each of these cited cases was a non-homicide cases, we do not perceive a distinction, *437 for in all criminal prosecutions, the State must bear its burden of proof beyond a reasonable doubt. This allocation of a burden on the defendant to prove his defense does not lessen or remove any requirement of the State. The burden to prove a defense is on the defendant, and when that defense is to establish a non-exculpatory fact, that fact must be established at least by a preponderance. See State v. Barnes, 491 So.2d 42 (La.App. 5th Cir.1986).
We therefore hold the refusal to give the requested jury charge was not error. In addition, the jury charge which was given was correct. This assignment is without merit.

II.

A. MOTION TO QUASH

In his pro se brief to this court, defendant raises the issue of the failure of the trial court to rule on his motion to quash. A review of the record establishes defendant filed a twenty-one page pro se filing on February 24, 1994, which included a motion.
It is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. State v. Coates, 509 So.2d 438, 440 (La.App. 1st Cir.1987). Otherwise, it may be considered that the motion has been abandoned. State v. Wagster, 361 So.2d 849, 856 (La.1978). This assignment is without merit.

B. DR. VOSBURG'S TESTIMONY

In this assignment of error, the defendant raises the issue of testimony given by Dr. Vosburg at the suppression hearing. However, we cannot determine which statement by Dr. Vosburg defendant is referring to. Moreover, our review of the record in the instant proceedings reveals that on February 10, 1995, this court granted defendant's writ application and vacated the trial court ruling which denied defendant's motion to suppress defendant's statement to Dr. Vosburg. Therefore, this statement was never introduced at trial. To that extent, defendant's requested relief has been granted.

C. FAILURE TO RECUSE JUDGE CLAIBORNE

Defendant asserts the trial court erred in denying his pro se motion to have Judge Claiborne recused. A hearing on his motion was held on January 26, 1995. Judge Marionneaux presided and denied defendant's motion.
La.C.Cr.P. art. 671 provides:
A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
(2) Is the spouse of the accused, of the party injured, of an attorney employed in the cause, or of the district attorney; or is related to the accused or the party injured, or to the spouse of the accused or party injured, within the fourth degree; or is related to an attorney employed in the cause or to the district attorney, or to the spouse of either, within the second degree;
(3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
(4) Is a witness in the cause;
(5) Has performed a judicial act in the case in another court; or
(6) Would be unable, for any other reason, to conduct a fair and impartial trial.
B. In any cause in which the state, or a political subdivision thereof, or a religious body is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, or is a member of the religious body is not of itself a ground for recusation.
It is well settled that a trial judge is presumed to be impartial. State v. Edwards, 420 So.2d 663, 673 (La.1982). For an accused to be entitled to the recusation on the grounds of bias, prejudice, and personal interest, such bias, prejudice and personal interest must be of a substantial nature based on more than mere conclusory allegations. State v. Spooner, 550 So.2d 1289, 1295 *438 (La.App. 1st Cir.1989), writ denied, 566 So.2d 394 (1990).
At the hearing on the motion for recusation, defendant alleged bias by Judge Claiborne, based on rulings by Judge Claiborne during this proceeding. Defendant offered the transcript of the proceedings of this trial as evidence. Defendant makes repeated reference to a statement attributed to Judge Claiborne at a hearing on a motion to suppress, wherein defendant asserts Judge Claiborne stated, "There is no such thing as a sanity commission."[3] Defendant also alleges transcripts from some of the proceedings in this matter have been altered.
A review of the record in this case reveals no evidence of tampering. Moreover, after reviewing the evidence presented by the defendant, we are convinced that Judge Marionneaux correctly denied the motion. The single statement, taken out of context, by Judge Claiborne in no way evidences bias or prejudice against the defendant or personal interest in the cause. The defendant's allegations that Judge Claiborne had not or would not conduct a fair and impartial trial were unsubstantiated and would not support his recusal. There is no evidence of any bias, prejudice or personal interest to such an extent that the judge would be unable to conduct a fair trial. This assignment is without merit.

D. PROSECUTION ERRORS

This issue, raised by the defendant in his pro se brief, asserts the trial court allowed the prosecution to knowingly use false testimony, present materially false testimony, make prejudicial remarks during the course of the trial, comment on the defendant's silence, and conspire with the police to obstruct justice. However, the defendant does not identify specific testimony offered at trial which he asserts is false. His argument references testimony by David Woods, one of the witnesses, and an article of clothing offered during the trial; however, defendant fails to offer evidence of any prejudice or harm. This assignment is without merit.
E. INEFFECTIVE ASSISTANCE OF COUNSEL
In his last assignment of error, defendant avers ineffective assistance of counsel. He argues his desire to plead not guilty and not guilty by reason of insanity, inadequate pre-trial investigation, and failure to challenge the defective warrant or the preliminary examination.
A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court, where a full evidentiary hearing may be conducted. However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Teeter, 504 So.2d 1036, 1039-40 (La.App. 1st Cir.1987).
The defendant contends that his trial attorney was ineffective because he failed to adequately investigate evidence, and he failed to challenge certain pre-trial procedures. The allegation of failure to investigate allegation cannot be reviewed on appeal because the record does not disclose sufficient evidence to demonstrate whether or not the allegations have merit. Without an evidentiary hearing, it would be impossible to conclude whether or not additional pre-trial preparation and investigation were required.
Defendant's assertion of his desire to plead not guilty by reason of insanity contradicts the record, wherein defendant changed his not guilty by reason of insanity plea to not guilty. When questioned by the court concerning the change in his plea, defendant replied, "I am in total agreement with that." This assignment is without merit.

CONCLUSION
For the above reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
*439 TANNER, J., concurs with reasons.
TANNER, Judge, concurring.
We agree with the result, but will concur. State v. Cheatwood, 458 So.2d 907, 910 n. 4 (La.1984) draws a distinction between defenses which actually defeat an essential element of the offense, such as intoxication, and those defenses which present exculpatory circumstances that defeat culpability, despite the state's proof beyond a reasonable doubt of all the essential elements, such as justification. When a defense such as intoxication is raised by the evidence, the state must overcome the defense by evidence which proves beyond a reasonable doubt that the mental element was present despite the alleged intoxication. State v. Rivers, 444 So.2d 1384 (La.App. 3rd Cir.1984) states that intoxication may be an affirmative defense to a crime requiring specific intent and that the burden of proving intoxication rests on the defendant; however, State v. Cheatwood seems to suggest that the burden of proof of intoxication should not fall upon the defendant. In this case, the majority opinion cites numerous cases which fall into the Cheatwood category of true "affirmative" defenses, dealing with justification, compulsion, entrapment, and physical impossibility, without addressing the distinction between such defenses and intoxication, which goes to defeat specific intent. I believe that the defendant's requested instruction should have been given, as the court's instruction incorrectly shifted the burden of proof of intoxication to the defendant and removed the state's burden of proving guilt beyond a reasonable doubt. However, as the state did prove beyond a reasonable doubt that defendant had the specific intent to commit murder, it sustained its burden of proof. I respectfully concur.
NOTES
[1] Honorable Thomas W. Tanner, serving pro tempore, by appointment of the Louisiana Supreme court.
[2] There are two usually accepted types of defenses: non-exculpatory, those defenses which actually defeat an essential element of the offense; and exculpatory, those defenses which present exculpatory circumstances that defeat culpability, despite the state's proof beyond a reasonable doubt of all the essential elements. See generally State v. Cheatwood, 458 So.2d 907, 910 n. 4 (La.1984).
[3] This statement, it appears from a review of the entire record, was in reference to the results of a prior sanity commission which was ordered by Judge Mulmore, the original judge to be assigned to this case. The case was re-assigned to Judge Claiborne, who ordered a second sanity commission.