| STATE OF LOUISIANA | * | NO. 2024-KA-0208 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| DERRICK BRACKEN | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 556-182, SECTION "K"
Judge Marcus DeLarge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Paula A. Brown, Judge Rachael D. Johnson, Judge
Nakisha Ervin-Knott)

Holli Herrle-Castillo
LOUISIANA APPELLATE PROJECT
P. O. Box 2333
Marrero, LA 70073-2333

       COUNSEL FOR DEFENDANT/APPELLANT

Jason Rogers Williams
DISTRICT ATTORNEY
Brad Scott
Chief of Appeals
Orleans Parish
619 S. White Street
New Orleans, LA 70119

       COUNSEL FOR STATE/APPELLEE

**CONVICTIONS AFFIRMED; REMANDED FOR RE-SENTENCING**
**MAY 5, 2025**

RDJ
PAB
NEK

Defendant, Derrick Bracken ("Defendant") appeals his domestic abuse battery with child endangerment conviction. Defendant asks this Court to reverse his conviction as the State of Louisiana (the "State") failed to provide sufficient evidence that Defendant did not act in self-defense. After reviewing the record, we affirm the Defendant's conviction. However, because of sentencing errors, we vacate the sentences imposed and remand to the district court for re-sentencing.

## FACTS AND PROCEDURAL HISTORY

On October 6, 2022, Defendant had a physical altercation with Ashley Smothers ("Ms. Smothers") at 4711 Major Drive in New Orleans, Louisiana ("Ms. Smothers' residence"). Ms. Smothers' thirteen-year-old daughter, K.B.,[1] along with three other children, witnessed the physical altercation. Roquel Hawkins ("Ms. Hawkins"), Ms. Smothers' mother, arrived at Ms. Smothers' house during the altercation and witnessed Defendant and Ms. Smothers fighting. Shortly after arriving, Ms. Hawkins and her husband physically separated Defendant and Ms. Smothers.

---

[1] As provided for in Rules 5-1 and 5-2 of the Uniform Rules—Louisiana Courts of Appeal, the initials of the minor child and other parties will be used in this matter in lieu of their names in order to ensure the confidentiality of the minors.

1

Earlier on the day of the altercation, the Defendant, Ms. Smothers, K.B., and Ms. Hawkins called 911 to request police assistance at Ms. Smothers' residence. After the altercation, but before police arrived at the house, Defendant fled the premises and relocated to a nearby bus stop. Once the police found Defendant at the bus stop, he complained that Ms. Hawkins hit him with a car, so he was transported to New Orleans East Hospital for medical treatment. When medical staff became available to treat Defendant, he refused treatment and requested to go to New Orleans Central Lockup ("Lockup"). Accordingly, the doctor issued paperwork indicating that Defendant was medically cleared for Lockup at his request.

While waiting in the holding area at Lockup, Defendant threw himself on the ground saying he couldn't walk. The nurse at Lockup refused him entry so Defendant was transported to University Medical Center. At the hospital Defendant became irate, uncooperative, and repeatedly threw himself on the ground during medical examinations. Defendant had to be sedated so the staff could complete his medical examination. Once his medical examination was complete, Defendant was medically cleared and transported to Lockup.

On November 17, 2022, Defendant was charged by bill of information with two felonies and four misdemeanors: (1) Domestic abuse battery with child endangerment in violation of La. R.S. 14:35.3(I); (2) Domestic abuse of aggravated assault in violation of La. R.S. 14:37.7(B)(1); (3) Simple criminal damage to property in violation of La. R.S. 14:56(A)(1); (4) Domestic abuse battery in violation of La. R.S. 14:35.3; (5) Battery of a police officer in violation of La. R.S. 14:34.2; and (6) Simple battery in violation of La. R.S. 14:35. Defendant pled not guilty to all charges. On January 10, 2024, the court conducted a two-day jury trial

on the two felony charges of domestic abuse battery with child endangerment and domestic abuse of aggravated assault. At the conclusion of trial, the jury found Defendant guilty of domestic abuse battery with child endangerment and guilty of the responsive verdict of simple assault. The district court concurrently held a bifurcated trial on the four misdemeanor charges.[2] Defendant was found guilty of domestic abuse battery and battery of a police officer, but was found not guilty of simple criminal damage to property and simple battery.

On January 30, 2024, the trial court sentenced Defendant to serve three years imprisonment at hard labor for the domestic abuse battery with child endangerment conviction and imposed a fine of $500.00 and court costs totaling $147.50. The trial court also sentenced Defendant to six months in jail for each of the remaining convictions to run concurrently with his sentence for the domestic abuse battery with child endangerment conviction. This timely appeal followed.

Defendant's sole assignment of error is that there was insufficient evidence to uphold the conviction for domestic abuse battery with child endangerment. Defendant did not raise any errors as to his other convictions. Therefore, he has waived any argument regarding these charges and we will not address these convictions.

---

[2] Louisiana Code of Criminal Procedure Article 779 states the following,

      A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.

      B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.

As Defendant was not charged with any misdemeanors where the punishment may be a fine in excess of one thousand dollars or imprisonment for more than six months, the trial on the misdemeanors was without a jury.

**DISCUSSION**

*Errors Patent*

Appellate Courts have a duty to review all appeals for errors patent on the face of the record pursuant to La. C.C.P. art. 920. There are two errors patent discerned from the record that both relate to sentencing: (1) the trial court failed to indicate whether Defendant's three--year sentence for his domestic abuse battery with child endangerment conviction will be served without the benefit of parole, probation, or suspension of sentence outside of the mandatory forty-eight-hour minimum and (2) the trial court erred in imposing a sentence amount that exceeds the maximum allowable term of imprisonment for the simple assault conviction.

The first error patent is the trial court failed to indicate whether Defendant's three-year sentence, from his domestic abuse battery with child endangerment conviction, will be served without the benefit of parole, probation, or suspension of sentence outside of the mandatory forty-eight-hour minimum pursuant to La. R.S. 14:35.3(C).[3] In *State v. Istre*, this Court remanded the case to the trial court for resentencing when "the trial court failed to specify whether the Defendant's sentence was to be served without the benefit of parole, probation, or suspension of sentence, outside of the mandatory two-year minimum."[4] 2023-0748, p. 18 (La. App. 4 Cir. 10/24/24), 400 So. 3d 322, 334. Finding that same error in the case *sub*

---

[3] La. R.S. 14:35.3(C) provides in pertinent part:

> On a first conviction, notwithstanding any other provision of law to the contrary, the offender shall be fined not less than three hundred dollars nor more than one thousand dollars and shall be imprisoned for not less than thirty days nor more than six months. At least forty-eight hours of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

[4] The *Istre* defendant was convicted of committing second degree rape. 2023-0748, p. 5 (La. App. 4 Cir. 10/24/24), 400 So. 3d 322, 327.

4

*judice*, we remand to the district court for resentencing to determine what portion of the sentence should be served without the benefit of parole, probation, or suspension.

The second error patent is the district court imposed a sentence that exceeds the maximum allowable term of imprisonment for the simple assault conviction. According to La. R.S. 14:38(B), "[w]hoever commits a simple assault shall be fined not more than two hundred dollars, or imprisoned for not more than ninety days, or both." The Defendant's six-month sentence exceeds the maximum allowed term of imprisonment of ninety days, therefore, we vacate the sentence and remand to the district court for resentencing.

### Insufficient Evidence

In Defendant's sole assignment of error, he argues that the State failed to present sufficient evidence to prove that he was not acting in self-defense when he attacked Ms. Smothers in front of her children. Defendant argues that during Ms. Hawkins' 911 phone call recording, he can be heard saying that Ms. Smothers struck him first. Defendant further argues that the force he used against Ms. Smothers was necessary because she was significantly bigger and stronger than him. Therefore, she should be seen as the aggressor and he was acting in self-defense.

Defendant asserts that the State failed to provide sufficient evidence that he was not acting in self-defense. Defendant argues that because Ms. Smothers did not testify, his conviction was based solely on 911 calls and Ms. Hawkins' testimony which revealed that she arrived at the culmination of the altercation. No reasonable juror could have found that the State provided sufficient evidence to convict him, as it was unreasonable for the jury to determine that Defendant was

the initial aggressor and that he did not act in self-defense. After review of the law and record, we find both arguments are without merit.

Louisiana Revised Statutes 14:35.3(A) defines domestic abuse battery as "the intentional use of force or violence committed by one household member or family member upon the person of another household member or family member." Further, subsection "I" in the statute states that if a minor child thirteen years old or younger was present at the residence during the time of the commission of the offense, the offender "shall be imprisoned at hard labor for not more than three years." La. R.S. 14:35.3(I). Defendant does not dispute that there was a physical altercation, that he is a household member pursuant to the statute, and that there was an individual under the age of thirteen present at the time of the altercation.

Pursuant to La. R.S. 14:18, "[t]he fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct [under certain circumstances]." Louisiana Revised Statutes 14:19(A)(1)(a) provides that the use of force or violence upon the person of another is justifiable "[w]hen committed for the purpose of preventing a forcible offense against the person … provided that the force or violence used must be reasonable and apparently necessary to prevent such offense." "A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict." La. R.S. 14:21.

In a non-homicide case, the analysis of self-defense as a justification is a two-step inquiry: "(1) a subjective inquiry into whether the force was apparently necessary; and (2) an objective inquiry into whether the force used was reasonable

6

under the circumstances." *State v. Scott*, 2023-0022, p. 11 (La. App. 4 Cir. 8/30/23), 372 So. 3d 42, 52 (citing *State v. Canales*, 2014-0663, p. 12 (La. App. 4 Cir. 12/10/14), 156 So. 3d 1183, 1191). When reviewing a claim of insufficient evidence, we rely on *Jackson v. Virginia*, which states that the evidence, viewed in the light most favorable to the prosecution, must "convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L. Ed. 2d 560 (1979). This standard gives the trier of fact full responsibility to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. at 319, 99 S.Ct. at 2789. Accordingly, "the rational credibility determinations of the trier of fact are not to be second guessed by a reviewing court." *State v. Williams*, 11-0414, p. 18 (La. App. 4 Cir. 2/29/12), 85 So. 3d 759, 771 (citing *State v. Juluke*, 98-341, p. 4 (La. 1/8/99), 725 So. 2d 1291, 1293). A factfinder's credibility determination should only be disturbed if it is clearly contrary to the evidence. *State v. Wells*, 10-1338, p. 5 (La. App. 4 Cir. 3/30/11), 64 So. 3d 303, 306 (citing *State v. Vessell*, 450, So. 2d 938, 943 (La. 1984)).

This Court has not definitively determined which party has the burden of proof when proving self-defense in a non-homicide case. *See State v. Abbot*, 17-0016, p. 18 (La. App. 4 Cir. 6/14/17), 222 So. 3d 847, 857. In *State v. Jefferson*, this Court determined that when an issue of exculpatory circumstances exists, the State has the burden to disprove Defendant's self-defense claim beyond a reasonable doubt. 04-1960, p. 10 (La. App. 4 Cir. 12/21/05), 922 So. 2d 577, 588. However, in *State v. Wischer*, this Court determined that "as an affirmative defense, the defendant has the burden of showing justification by a preponderance of the evidence." 04-0325, p. 8 (La. App. 4 Cir. 9/22/04), 885 So. 2d 602, 606. *See*

7

*State v. Wright,* 99–1137 (La. App. 3 Cir. 3/1/00), 758 So. 2d 301; *State v. Barnes,* 491 So. 2d 42 (La. App. 5 Cir. 1986). *See also State v. Cheatwood,* 458 So. 2d 907, 910, n. 4 (La. 1984). In the case *sub judice*, the circumstances do not require us to determine which party has the burden of proof because there was sufficient evidence presented at trial to uphold Defendant's conviction under either standard.

The State provided sufficient evidence to prove that Defendant was not acting in self-defense. During trial, the State relied on the audio from 911 phone calls placed on October 6, 2022, and Ms. Hawkins' testimony that Defendant was the aggressor. Emma Skilbred ("Ms. Skillbred"), Orleans Parish Custodian of 911 records, authenticated the 911 phone calls and the corresponding incident reports. Ms. Skillbred identified that phone calls were made from Ms. Smothers' residence at or around 12:03 a.m., 12:26 a.m., 6:54 a.m., 7:15 a.m., 1:55 p.m., 11:48 p.m. and 11:53 p.m. During Ms. Hawkins' testimony she identified the callers as Defendant, Ms. Smothers, K.B., and herself.

According to the 911 audio provided, it is clear that (1) On the morning of October 6, 2022 and continuing throughout the day, Defendant had been harassing Ms. Smothers and her children; (2) Ms. Smothers, Ms. Hawkins, and K.B. called the police to report that Defendant was a threat to Ms. Smothers and the children in the residence; and (3) K.B. was present at the time of the violent altercation. During the first two 911 phone calls introduced into evidence, Defendant called the police in an attempt to enter Ms. Smothers' residence. Additionally, he can be heard in the background of later phone calls made by Ms. Smothers, Ms. Hawkins, and K.B, which confirmed his presence at Ms. Smothers' residence. During the phone call made by K.B. and Ms. Hawkins, both of them described Defendant being violent towards Ms. Smothers. Further, the violent altercation can be heard

in the background of both phone calls. Based on the evidence presented, a rational trier of fact could have found that Defendant was the aggressor and that he could not claim self-defense.

Assuming arguendo that the Defendant was not the aggressor, based on the evidence at trial, the use of force against Ms. Smothers was not reasonable or necessary. During trial, the State relied on Ms. Hawkins' testimony about Defendant's violent acts towards Ms. Smothers. According to Ms. Hawkins' testimony, she saw Defendant choking and strangling Ms. Smothers while on top of her when she entered Ms. Smothers' residence. This Court stated in *Wells* that "[t]he testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction." 10-1338, p. 5, 64 So. 3d at 306. As noted above, "[a] trier of fact's determination as to the credibility of a witness is a question of fact entitled to great weight, and its determination will not be disturbed unless it is clearly contrary to the evidence." *Id.* (citing *State v. Vessell*, 450 So. 2d at 943). There is nothing in the record that is clearly contrary to the evidence or that suggests that Defendant's use of force was necessary to defend himself. As such, we will not question the jury's determination as to Ms. Hawkins' credibility or the reliability of her testimony. Accordingly, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that there was sufficient evidence to find that Defendant was the aggressor, that he was not acting in self-defense, and his use of force towards Ms. Smothers was neither reasonable nor necessary under the circumstances.

Defendant did not present sufficient evidence to show that he was acting in self-defense during the altercation. Defendant's arguments that Ms. Smothers struck him first are not sufficient evidence of self-defense. It only demonstrates the

9

possibility that Ms. Smothers may have been the initial aggressor. When viewing in the light most favorable to the prosecution, this argument only satisfies the prerequisite for Defendant to make his self-defense claim. Defendant still must prove that the force he used against Ms. Smothers was necessary and reasonable under the circumstances. He has failed to do so.

Further, Defendant failed to present any evidence at trial that Ms. Smothers attacked him prior to Ms. Hawkins witnessing the altercation. Defendant failed to prove that Ms. Smothers hit him with her car or that strangling her inside of her residence was a necessary and reasonable response under the circumstances. In addition, the State provided testimony from NOPD Officers Nicholas Martin ("Officer Martin") and Rejanna Mari-Laveaux ("Officer Mari-Laveaux") to show that Defendant had no serious injury after the violent altercation happened. Officer Martin testified that Defendant seemed "perfectly fine" when he approached him at the bus stop after the altercation. Officer Mari-Leveaux testified that Defendant was "fine on the way to [L]ockup" but then suddenly threw himself on the ground and said he couldn't walk. Officer Mari-Leveaux further explained that Defendant would be able to walk when it suited him, but would then throw himself on the ground during examinations and treatments to avoid going to Lockup. The testimony regarding Defendant's lack of injury is inconsistent with his claim that he was attacked by Ms. Smothers prior to the altercation. Considering all of the aforementioned evidence and testimony, a reasonable juror could have found that Defendant failed to prove by a preponderance of the evidence that he was acting in self-defense during the altercation with Ms. Smothers. As such, we find that the evidence presented during trial was sufficient to convict Defendant of La. R.S. 14:35.3(I), domestic abuse battery with child endangerment.

**DECREE**

For the foregoing reasons, we affirm Defendant's domestic abuse battery with child endangerment conviction. We vacate Defendant's sentences for his domestic abuse battery with child endangerment and simple assault convictions, and remand for resentencing.

**CONVICTIONS AFFIRMED; REMANDED FOR RE-SENTENCING**