STOKER, Judge.
Defendant was charged by indictment with nine counts of distribution of cocaine in violation of LSA-R.S. 40:967(A)(1). A 12-person jury convicted defendant on all nine counts. Defendant was subsequently found to be an habitual offender and sentenced to 15 years at hard labor on each count, to run concurrently without benefit of probation or suspension of sentence. Defendant appeals his convictions and sentences.
FACTS
In summer 1986 the Calcasieu Parish Sheriff's Office began an investigation into the drug trafficking occurring in north Lake Charles. Agent Will Abshire, who was employed as a narcotics agent at the time, was asked to help develop “contacts” in the north Lake Charles area in order to aid undercover officers in the purchase of drugs.
Subsequently, defendant approached agent Abshire and asked to borrow money so he could take his brother to Baton Rouge. Instead, Abshire drove defendant and his brother to Baton Rouge. On the return trip Abshire asked defendant if he knew where he could purchase marijuana and cocaine. The defendant’s response was affirmative.
Shortly thereafter, defendant became involved in several transactions with narcotics officers involving the purchase of marijuana and cocaine. Defendant was unaware of the ongoing narcotics investigation and Abshire’s status as an undercover agent. The procedure used in the transactions did not substantially vary from one transaction to the next. Defendant sometimes initiated the transaction by calling Abshire through an unpublished number at the sheriff’s office. Defendant pointed out drug dealers to the officers, and then would either purchase the drugs for the officers or arrange for the officers to purchase them directly. The defendant was given $20 or $25 after each transaction was completed.
Abshire and defendant had been friends prior to Abshire becoming a narcotics agent. Defendant had aided Abshire when he had car trouble. Abshire had posted bond when defendant was arrested on a misdemeanor, and defendant had worked for Abshire on and off for more than one year. During this period, there is evidence that Abshire also gave defendant some minimal financial assistance.
Defendant was convicted on nine counts of distribution of cocaine. The transactions occurred in September, October and December of 1986. The total amount of cocaine involved in these transactions was 3.4 grams.
ENTRAPMENT
Defendant claims the affirmative defense of entrapment and alleges that he was unlawfully induced by the police officers to distribute cocaine.
Entrapment exists when the officer instigates the crime, that is, the officer must plan and conceive the crime; and the defendant must have perpetrated it only because of the trickery, persuasion or fraud of the officer. State v. Wysinger, 479 So.2d 673 (La.App. 3d Cir.1985). When entrapment is at issue, the focal point of the inquiry is on the predisposition of the *773 defendant to commit the crime at issue as well as on the conduct of the police. State v. Batiste, 363 So.2d 639 (La.1978).
The evidence of record, construed in the light most favorable to the prosecution, shows beyond a reasonable doubt that the police officers merely furnished the opportunity for defendant to become involved in the offense charged. Although Agent Ab-shire took advantage of his friendship with defendant and the officers planned and conceived the crime, defendant readily participated in it upon discovering that he would be paid for each drug transaction he arranged. Defendant knew where the drugs could be obtained and was acquainted with several persons having drug supplies. The predisposition of defendant to be involved in an activity of this type resulted in the criminal conduct in this case.
EXCESSIVE SENTENCE
Alternatively defendant contends that his sentence is constitutionally excessive. Defendant was convicted of nine counts of distribution of cocaine, in violation of LSA-R.S. 40:967(A)(1). Defendant has a prior felony conviction for simple burglary. Under the habitual offender law, LSA-R.S. 15:529.1(A)(1), defendant was subjected to an enhanced sentence as a second felony offender. As an enhanced sentence the defendant could have been given a sentence of not less than one-third the longest term (30 years) and not more than twice the longest term (30 years) prescribed for distribution of cocaine. Therefore, the limits applicable were a minimum of ten years and a maximum of 60 years. The defendant was sentenced to 15 years on each count to run concurrently. We find defendant’s sentence is reasonable, rather than excessive.
COMPLIANCE WITH ARTICLE 894.1
LSA-C.Cr.P. art. 894.1 requires the sentencing judge to state for the record the considerations taken into account and the factual basis therefor in imposing the sentence. However, in order to comply with Article 894.1, the court need not articulate every aggravating and mitigating circumstance as long as the record affirmatively reflects that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
Defendant contends the trial judge did not comply with the requirements of Article 894.1. We disagree. The colloquy delivered by the judge indicates that he considered Article 894.1 factors in sentencing defendant. The trial judge evaluated defendant’s prior criminal history, the fact that probation did not work for defendant in the past and the fact that he was convicted on nine counts. These considerations reflect adequate compliance with Article 894.1.
DECREE
For the reasons assigned, the convictions and sentences are affirmed.
AFFIRMED.