584 So.2d 724 (1991)
STATE of Louisiana
v.
Beatrice ST. AMANT.
No. 89-KA-1745.
Court of Appeal of Louisiana, Fourth Circuit.
August 13, 1991.
*725 Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and BARRY and CIACCIO, JJ.
BARRY, Judge.
A jury convicted the defendant on two counts of distribution of cocaine, La.R.S. 40:967. She was sentenced to eight years at hard labor on each count with the sentences to run concurrent, plus $159 court costs or thirty days in Parish Prison.
The defendant argues that she was entrapped and the evidence was insufficient to convict.

FACTS
August Edwards, a friend and former employee of the defendant, was a confidential informant for the Drug Enforcement Agency. Special Agent Jenkins testified that the DEA used Edwards on several investigations and his information was reliable. Edwards provided information which prompted Agent Jenkins to attempt a drug buy from the defendant.
Agent Jenkins stated that on June 3, 1987 Edwards was at home and called the defendant to arrange a cocaine purchase. The defendant arrived at Edwards' home about an hour later and parked in front of Agent Jenkins' unmarked car. Agent Jenkins walked out of the house and introduced himself. The defendant told him that her name was Bea and she agreed to make the cocaine sale in Agent Jenkins' car. She entered the car, removed approximately one ounce of cocaine from her waistband, then gave the cocaine to Agent Jenkins.' She told him the cocaine had outstanding quality and the price was $1,600. Agent Jenkins paid the money and asked if they could continue to do business. The defendant agreed, got into her car and drove away.
Agent Jenkins arranged another drug buy on June 16, 1987. Edwards called the defendant at 11:50 a.m. from a public telephone near his house and DEA agents taped the call. The defendant arrived at Edwards' house at 1:45 p.m. and removed approximately one ounce of cocaine from her pants pocket and placed it on the coffee table. Jenkins took the cocaine and gave her $1,600 in marked money. The defendant again assured Agent Jenkins that the cocaine had outstanding quality and she was available for future business.
Agent Jenkins testified that the defendant's demeanor during both cocaine sales was very friendly and jovial. He said she "seemed like a very nice person."
*726 It was stipulated that the substances sold by the defendant was cocaine.
Special Agent Ramirez testified that he was in charge of the surveillance team for both drug sales. On June 3 Agent Ramirez observed the defendant arrive at Edwards' house, meet Agent Jenkins on the sidewalk and enter his car. Several minutes later she left the car and drove away in her car. The surveillance team followed the defendant to Guaranty National Bank where she remained for ten or fifteen minutes.
On June 16 at 1:45 p.m. the defendant arrived at Edwards' house in an `81 or `82 Chevrolet driven by a black male. The driver parked at the end of the block and left the car's engine running. The defendant went into the house for ten minutes, then left in the Chevrolet.
The defendant testified that the two cocaine sales to Agent Jenkins were the only times she sold drugs. She stated that she had financial problems due to her son's and husband's addiction to cocaine. She owed bills for her son's drug rehabilitation treatment. Her husband had written bad checks to pay for his cocaine habit, which caused her to be delinquent on mortgages on her house and bar. She sold her car to pay bills and maintain her business. She said that Edwards, a longtime friend and former manager of her bar, suggested she sell cocaine to ease her financial problems.
The defendant points out that both drug sales were initiated by Edwards. In each instance, she paid $1,000 for the cocaine, gave $200 to Edwards, and kept $400.
Mr. Ragus, manager of Pelican Finance and Mortgage Corporation, testified that the defendant made payments on two delinquent loans on June 17, 1987.
The State did not call Edwards to testify. The defendant submitted evidence that she attempted to subpoena Edwards.

ENTRAPMENT
Entrapment occurs when a law enforcement official originates the idea and induces another person to commit an offense that he is not otherwise disposed to commit. State v. Byrd, 568 So.2d 554 (La. 1990); State v. Brand, 520 So.2d 114 (La. 1988).
Entrapment is an affirmative defense which requires a defendant to present exculpatory circumstances that defeat culpability even though the State proved all essential elements of the crime beyond a reasonable doubt. Byrd, supra, at 558, n. 1; State v. Cheatwood, 458 So.2d 907 (La.1984).
A defendant who claims entrapment has the burden of proof by a preponderance of the evidence. Brand, supra. On appeal, the relevant inquiry is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could conclude that the defendant did not prove that he was entrapped by a preponderance of the evidence. The court must consider the defendant's predisposition to commit the crime as well as the conduct of the police officers involved. State v. Batiste, 363 So.2d 639 (La.1978); State v. Prudhomme, 532 So.2d 234 (La. App. 3rd Cir.1988), writ denied 541 So.2d 871 (La.1989); State v. Deville, 524 So.2d 1334 (La.App. 1st Cir.1988), writ denied 531 So.2d 263 (La.1988).
The record, viewed in the light most favorable to the prosecution, convinces us beyond a reasonable doubt that the DEA agents only presented an opportunity for the defendant to sell cocaine. Agent Jenkins conceived a plan which took advantage of the defendant's friendship with Edwards, a fact which does not amount to entrapment. The defendant eagerly participated in the drug sales, assured Agent Jenkins of the quality of the cocaine, and expressed a willingness to provide him with more drugs in the future. She was able to obtain a large quantity of cocaine on short notice. Her predisposition to be involved caused her criminal conduct. See State v. Antoine, 539 So.2d 771 (La.App. 3rd Cir. 1989).
The convictions and sentences are affirmed.
AFFIRMED.