759 So.2d 184 (2000)
STATE of Louisiana
v.
Kathleen A. KANOST.
No. 99-KA-1822.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 2000.
*185 Sherry Watters, Louisiana Appellate Project, New Orleans, Louisiana, Attorney for Defendant/Appellant, Kathleen A. Kanost.
Harry F. Connick, District Attorney, Nicole Barron, Assistant District Attorney of *186 Orleans Parish, New Orleans, Louisiana, Attorneys for Appellee, The State of Louisiana.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge ROBERT A. KATZ).
MURRAY, Judge.
Kathleen A. Kanost appeals her conviction and sentence for distribution of cocaine, a violation of La.Rev.Stat. 40:967, and her sentence of twenty years at hard labor, the first five to be served without benefit of probation, parole or suspension of sentence. We affirm.

STATEMENT OF CASE
Kathleen A. Kanost, was charged by bill of information with distribution of cocaine.[1] On November 24, 1998, she was found guilty as charged by a jury, waived delays and sought immediate sentencing. The trial court sentenced her serve eight years at hard labor with the first five years without benefit of probation, parole or suspension of sentence. A motion for appeal was granted. At the same time, the State filed a multiple bill of information, to which Ms. Kanost pled not guilty. After hiring private counsel, Ms. Kanost filed a motion for a sanity commission, which the court granted. However, the motion was withdrawn after Ms. Kanost was found competent. At a second multiple offender hearing, Ms. Kanost pled guilty to an amended multiple bill. The trial court vacated the prior sentence and resentenced her to serve twenty years at hard labor with the first five years without benefit of probation, parole or suspension of sentence. A new motion for appeal was granted.

STATEMENT OF FACTS:
On October 13, 1998, New Orleans Police Officers Derrick Burk and Eugene Landry were involved in an undercover buy-bust narcotics investigation in the area of Chef Menteur Highway and Michoud Boulevard. Officer Landry, the undercover agent, drove an unmarked vehicle that was equipped with an audio transmitter and recorder. Officer Burk provided backup and surveillance to the undercover agent, and was equipped with an audio receiver that allowed him to monitor Officer Landry's conversations. At approximately 7 p.m., Officer Burk observed Officer Landry stop Ms. Kanost[2] and her husband, Alvin Hernandez, in the 14200 block of Chef Menteur Highway. Landry asked Ms. Kanost where he could get a "dime or twenty piece of rock." According to Officer Landry, Ms. Kanost told him that she could take him to get the narcotics, and she and her husband entered the officer's vehicle. They drove to a nearby convenience store, but Ms. Kanost did not see anyone from whom drugs could be bought. The officer was then instructed to drive to a nearby Shell service station, but no contact was made there either. They then returned to the convenience store on Ms. Kanost's instructions. When they arrived, Ms. Kanost saw "Slim," whose real name is Charles Milton, drive up in a maroon Ford Taurus. Officer Landry stated that he gave Ms. Kanost a marked twenty dollar bill to make the buy. Officer Burk testified that from his surveillance point, he witnessed a hand-to-hand transaction in the alley next to the store between Ms. Kanost and Milton. When Ms. Kanost returned to Officer Landry's vehicle, she told him that she obtained the cocaine from Milton. Officer Landry testified *187 that Ms. Kanost requested a piece of the crack as payment for her part in the deal, but obviously he could not do that. Instead, Officer Landry said he gave Ms. Kanost five marked one dollar bills. The marked twenty dollar bill was found on Mr. Milton after he was arrested, but the five marked one dollar bills were never located.
The parties stipulated at trial that the substance the defendant gave to Officer Landry tested positive for cocaine.

DISCUSSION:

ASSIGNMENT OF ERROR NO. 1:
In her first assignment of error, Ms. Kanost contends that the State failed to produce sufficient evidence to support her conviction for distribution of cocaine, because she successfully proved that she was entrapped into committing the crime.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
La.Rev.Stat. 40:967 provides that it is shall be unlawful for any person "knowingly or intentionally ... [t]o ... distribute, or dispense, a controlled dangerous substance classified in Schedule II." Cocaine and its derivatives are listed in Schedule II. La.Rev.Stat. 40:964. A defendant is guilty of distribution of cocaine when he transfers possession or control of cocaine to his intended recipients. State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; see La.Rev.Stat. 40:961(14). The State must show (1) "delivery" or "physical transfer;" (2) guilty knowledge of the controlled dangerous substance at the time of transfer; and (3) the exact identity of the controlled dangerous substance. State v. Miller, 587 So.2d 125, 127 (La.App. 2 Cir.1991).
The evidence produced by the State is sufficient to sustain the conviction of distribution of cocaine. Officers Burk and Landry testified that after Landry asked Ms. Kanost where he could purchase cocaine, she and her husband voluntarily entered the officer's vehicle, directing the officer to two different locations in an attempt to locate a dealer. When the dealer, Milton, was found, Ms. Kanost took the officer's money and negotiated a cocaine transaction with Milton. She then delivered the cocaine to Officer Landry. Such evidence was sufficient for a jury to conclude that Ms. Kanost was guilty of distribution of cocaine.
Having found that the State proved the elements of the crime of distribution of cocaine, we must now address Ms. Kanost's defense of entrapment. The Supreme Court in State v. Brand, 520 So.2d 114, 116 (La.1988), explained that entrapment is an affirmative defense which arises when a law enforcement official originates the idea of the crime, and then induces another person to engage in conduct constituting the offense, when that other person is not predisposed to do so. A defendant claiming entrapment must prove the defense by a preponderance of the evidence, and present exculpatory evidence that defeats culpability despite the fact that the State proved all essential elements of the crime. State v. Smith, 97-2221, p. 7 (La.App. 4 Cir. 4/7/99), 734 So.2d 826, 831; also see State v. St. Amant, 584 So.2d 724 (La.App. 4 Cir.1991).
The issue of entrapment focuses not only on the defendant's predisposition to commit the crime, but also on the conduct of the police. Smith, supra; State v. Richards, 426 So.2d 1314 (La.1982). The purpose of the defense of entrapment is to deter police from planting ideas in innocent minds so as to promote crimes, which would otherwise not be committed. See State v. Brand, supra.
*188 On appeal the relevant inquiry to be made regarding claims of entrapment is:
whether any rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could conclude that the defendant did not prove that he was entrapped by a preponderance of the evidence.
St. Amant, 584 So.2d at 726.
Thus, if this court finds that Ms. Kanost carried her burden of proving that the police officer induced her to commit the crime, then the next inquiry is whether the State adduced evidence of her predisposition to commit the crime.
In the present case, Ms. Kanost did not produce any evidence in support of her contention that she was entrapped or induced into committing the crime of distribution of cocaine. Officer Landry acknowledged that Ms. Kanost did not flag or signal him as he approached her and her husband in his vehicle, but that he stopped Ms. Kanost and her husband as they were walking on the street. Officer Burk explained that the couple had been walking around in the area with no apparent destination for some time before the stop. Once he approached, Officer Landry asked Ms. Kanost if she knew where he could get a "dime or twenty," slang for cocaine. She told the officer she could show him where he could get the cocaine. She did not say that she did not know where to get drugs, nor did she simply give the officer directions. Rather, she actively took the officer to the person from whom cocaine could be purchased. Once the person was located, Ms. Kanost did not send the officer to the person, but, instead, took the officer's money and purchased the cocaine for him. These actions indicate that Ms. Kanost knew where cocaine could be purchased, and, more importantly, that she had a predisposition to commit the crime of distribution of cocaine. Ms. Kanost has not produced any exculpatory evidence of entrapment.

ASSIGNMENT OF ERROR NO. 2:
Ms. Kanost also suggests that she received ineffective assistance of counsel because the same attorney represented her and her two co-defendants. She contends that she was denied effective assistance of counsel when her trial counsel, an OIDP attorney, waived the suppression motions after receiving a copy of the police report.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Landry, 499 So.2d 1320 (La.App. 4 Cir.1986); State v. Garland, 482 So.2d 133 (La.App. 4 Cir.1986).
A defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result *189 of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).
The Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 13 of the Louisiana Constitution guarantee a criminal defendant the right to the effective assistance of counsel. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Such effective assistance of counsel includes representation without any conflicts of interest between a defendant and his attorney. The time at which a potential conflict of interest is brought to the court's attention governs how the issue should be treated. State v. Wille, 595 So.2d 1149 (La.1992), cert. denied, 506 U.S. 880, 113 S.Ct. 231, 121 L.Ed.2d 167 (1992). Wherever a potential conflict is raised before or during trial, the trial court has a duty to either appoint separate counsel or take adequate steps to determine whether the risk of a conflict of interest was too remote to warrant separate counsel. Holloway v. Arkansas, 435 U.S. 475, 484, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978). A defendant who raised no objection at trial must demonstrate on appeal that an actual conflict of interest adversely affected his lawyer's performance. Cuyler, supra. An actual conflict of interest is established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties. State v. Tart, 93-0772 (La.2/9/96), 672 So.2d 116, cert. denied, 519 U.S. 934, 117 S.Ct. 310, 136 L.Ed.2d 227 (1996).
In the case at bar, Mr. Meyer of OIDP originally represented Ms. Kanost, her husband and Charles Milton. After receiving the police report at the preliminary hearing, Mr. Meyer withdrew all suppression motions filed, and requested that the cases be severed for trial. Mr. Meyer continued to represent Ms. Kanost and her husband, and Mr. Keith Lewis of OIDP was appointed to represent Charles Milton. Mr. Meyer represented Ms. Kanost at trial, and at no time did she object to Mr. Meyer's representation based on a conflict of interest. Thus, in order to succeed in her argument for ineffective assistance of counsel claim, she must show that an actual conflict of interest adversely affected her lawyer's performance. Ms. Kanost has failed to meet her burden.
On appeal, Ms. Kanost claims that the conflict of interest affected Mr. Meyer's actions in waiving the preliminary hearing and suppression motions after receiving the police report, making him ineffective in her defense. However, a review of the record reveals Ms. Kanost had no basis for motions to suppress evidence and/or statements. The evidence, the cocaine purchased by Ms. Kanost and delivered to Officer Landry, was properly admitted. There was no basis for a suppression motion on the cocaine. Further, there was no basis for a motion to suppress the statements made to the officer during the commission of the crime. The evidence establishes that Ms. Kanost voluntarily entered the officer's vehicle and offered to show him where he could purchase cocaine.

ERRORS PATENT:
A review of the record for errors patent reveals none.
Accordingly, for the reasons set forth above, Ms. Kanost's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant's husband, Alvin Hernandez, and Charles Milton were charged in the same bill of information with distribution of cocaine. The defendants were severed for trial on November 16, 1998. The State nolle prosequied the charge against Hernandez on December 1, 1998. Milton was found guilty as charged after a jury trial on December 16, 1998. On April 1, 1999, Milton was adjudicated a second felony offender and sentenced to fifteen years at hard labor with the first five years without the benefit of probation, parole or suspension of sentence.
[2] Ms. Kanost is also known as Katie Hernandez.