MADELEINE M. LANDRIEU, Judge.
|,Brian L. Jones appeals his conviction and sentence for failing to comply with the sex offender registration requirements as set forth in La. R.S. 15:542.1.4. For the reasons that follow, we affirm the conviction and sentence.

*1063
STATEMENT OF THE CASE

Mr. Jones, who had been previously convicted of aggravated incest, was charged on July 26, 2010 with the failure to register and notify as a sex offender in violation of La. R.S. 15:542.1.4. After waiving his right to a jury trial, Mr. Jones was found guilty by the trial judge. Mr. Jones waived sentencing delays and was sentenced immediately after trial to two years at hard labor with credit for time served and a recommendation for the impact program. This appeal followed.

FACTS

According to Mr. Jones’ January 13, 2010 Sex Offender Register Form, introduced at trial, he was convicted on October 10, 2009 of aggravated incest | .¿upon his fourteen-year-old sister.[1] The State introduced the testimony of Detective Raymond Hughes and Sergeant Kimberly McDuffie at trial.
Det. Hughes testified that a felon convicted of a sex crime is required to register his address, give information as to his employment and any vehicles he owns or operates, and complete community notification requirements within 21 days of his registration. In addition, the sex offender is required to notify the police if he moves from his registered residence within three days of the move.[2] Pertinent to this offense is Mr. Jones’ January 13, 2010 registration, at which time he listed 1265 Harrison Avenue as his home address. When Mr. Jones came in to register, Det. Hughes informed him of all the aforementioned requirements pertaining to sex offender registration. Det. Hughes identified the State of Louisiana Sex Offender Registration form signed by Mr. Jones on January 13, 2010, which is a printed document containing all the information provided by the sex offender to the police, as well as a photo of the registrant and a description of his physical characteristics. Det. Hughes then identified the Sex Offender Mailing Notification, which is a photocopy of the registration form. Mr. Jones’ notification was required to be mailed within 21 days to businesses and residences located within three tenths of a mile of Mr. Jones’ residence. The registrant is given a copy of the notification along with a statement of the amount it will cost to complete the postcard notification process and the date that amount is due, which, |sin Mr. Jones’ case, was February 3, 2010. According to Det. Hughes, the registrant is given a date by which he should report back to the office to complete the notification process, which consists of four components: the mailing of the postcards, the placing of a newspaper ad, a landlord notification letter, and electronic notification by the police department to parks, playgrounds and the School Board.
Several months after Mr. Jones’ January 13, 2010 registration, Det. Hughes coordinated an effort among various law enforcement agencies to check compliance with the notification process. As a result, Det. Hughes learned that in June, 2010, Mr. Jones had violated the notification process and the Louisiana State Police had issued a warrant for his arrest.
When Det. Hughes and officers from both the U.S. Marshall’s Task Force and the New Orleans Police Department attempted to execute the warrant at 1265 *1064 Harrison Avenue, Mr. Jones was not there. During his investigation, Det. Hughes learned that Mr. Jones was actually living at 7809 Burke Road instead of at the Harrison Avenue address. On June 25, 2009, Mr. Jones was apprehended in a rear apartment on the Burke Road property. Mr. Jones had never registered the Burke Road address as his residence. Significantly, the Burke Road address was the same place at which Mr. Jones had committed the underlying offense of aggravated incest.
Det. Hughes stated that Mr. Jones had properly registered his changes of address on two occasions prior to his registration of the Harrison Avenue address 14on January 13, 2010; however, he had not completed the notification process on either of the two prior dates. The Harrison Avenue address was the last one Mr. Jones provided to Det. Hughes’ office. When Mr. Jones registered at that address on January 13, he was informed that it would cost him $281.48 to send the applicable notifications. However, Mr. Jones did not return to the police, pay the money, or request more time to complete the notification requirements. Moreover, Mr. Jones never informed Det. Hughes he was moving to Burke Road, the same residence where he had committed aggravated incest upon his sister.
State Police Sergeant Kimberly McDuf-fie also participated in a sexual offender compliance check in coordination with federal and local law enforcement agencies. When she went to the Harrison Avenue address, Mr. Jones was not there. In her investigation, Sergeant McDuffie determined that Mr. Jones had never sent out the required notifications. She also determined that Mr. Jones had not registered with or notified the Times-Picayune of the address he had given the police. As a result, Sergeant McDuffie obtained an arrest warrant for Mr. Jones for the failure to register and notify as a sex offender.
Mr. Jones’ aunt, Ruby Picot, who lives at the Burke Road address, was aware of his obligation to register as a sex offender. The Burke Road location has two apartments: Ms. Picot fives in one, and her son fives in the other. Ms. Picot had accompanied Mr. Jones when he first went to register on November 3, 2009, and had met with Det. Hughes at that time. According to Ms. Picot, Mr. Jones was living on Valence Street with Ms. Picot’s sister, Lisa Jones, at that time. Lisa |5Jones was on Section 8 assistance, and her landlord had informed her that allowing Mr. Jones to move in would breach the lease agreement. After Lisa Jones’ landlord refused to let Mr. Jones remain with her, he went to the Salvation Army. Ms. Picot returned to Det. Hughes with Mr. Jones when he informed Det. Hughes he was living at the Salvation Army. However, the Salvation Army did not allow him to stay because the agency was not allowed to house sex offenders.
Ms. Picot attempted to help her nephew find another shelter to no avail. They eventually found the Harrison Avenue home through a friend of Ms. Picot. After registering the Harrison Avenue address, Mr. Jones spoke to his landlord and was planning to complete the other notification requirements. Mr. Jones moved into the Harrison Avenue house, but because of problems with the sewage backing up into the bathtub and electrical issues, Mr. Jones was not able to continue living there. Mr. Jones then alternated staying at Ms. Picot’s home, at her son’s home, and at her sister’s home on Gervais Street. According to Ms. Picot, Mr. Jones planned to return to the Harrison Avenue residence when the problems were resolved. Ms. Picot testified: “We was planning to use that address for notification but only till *1065 we could get straight because we were told by Detective Hughes once this money is paid at a certain residence, that if it falls through we would have to pay that money again.” Later, she reiterated: “It was told to me by Detective Hughes that we had to make sure where Brian was going to be staying because if we registered him at one address and it didn’t work out, we would have to re-register again, that we double up with money [sic].” Ms. Picot also testified |fithat she planned on helping her nephew raise the money. She further testified that Mr. Jones was looking for work, but was having trouble finding anything due to his sex offender status.

ERRORS PATENT

The record contains no errors patent.

DISCUSSION

La. R.S. 15:542.1.4 provides, in pertinent part:
§ 542.1.4. Failure to register and notify as a sex offender or child predator; penalties
A. (1) A person who fails to register, periodically renew and update registration, provide proof of residence or notification of change of address or other registration information, or provide community notification as required by the provisions of this Chapter, and a person who knowingly provides false information to a law enforcement agency as provided in R.S. 15:542(0(3), shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence.
Mr. Jones raises two assignments of error on appeal:
(1) The trial court erred by failing to find that Mr. Jones was entrapped into not mailing out his required sex offender notification; and
(2) Alternatively, counsel for Mr. Jones was ineffective for failing to raise entrapment as an affirmative defense in the trial court.

Assignment of Error Number One

Mr. Jones’ first assignment of error is that the trial court erred by not finding that he was entrapped into failing to mail out the required sex offender notification. Preliminarily, we note that this issue appears not to have been preserved for appeal |7because the record does not demonstrate that the defendant’s counsel raised the defense of entrapment in the trial court. Generally, issues and objections not raised at trial cannot be considered on appeal unless they are alleged to be discoverable upon mere inspection of the pleadings and proceedings without inspection of the evidence. State v. Duncan, 390 So.2d 859, 861 (La.1980) (citing La. C.Cr.P. arts. 841 and 920). However, in light of the defendant’s alternative argument that his counsel was ineffective for failing to raise this defense at trial, we have examined the record for evidence of entrapment, and we pretermit any further consideration of whether this issue was properly raised on appeal.
The record in the instant case does not support a finding that Mr. Jones was entrapped by Det. Hughes. As this court has explained:
“Entrapment” is an affirmative defense that applies when a law enforcement official originates the idea of the crime and induces another person to engage in conduct constituting the crime, when the other person is not otherwise disposed to do so. The defendant claiming entrapment must prove the defense by a preponderance of the evidence. State v. Brand, 520 So.2d 114, *1066 117 (La.1988); State v. Smith, 97-2221 (La.App. 4 Cir. 4/7/99), 734 So.2d 826, 831, unit denied, 99-1128 (La.10/1/99), 747 So.2d 1138. To adequately support an entrapment defense, the defendant must present exculpatory circumstances that defeat culpability even though the state proved all essential elements of the crime beyond a reasonable doubt. State v. Byrd, 568 So.2d 554 (La.1990); State v. Cheatwood, 458 So.2d 907 (La.1984); 584 So.2d 724, State v. St. Amant, 584 So.2d 724 (La.App. 4 Cir.1991). The reviewing court must consider the defendant’s predisposition to commit the crime as well as the conduct of the police officers involved. State v. Batiste, 363 So.2d 639 (La.1978).
State v. Nions, 2006-1374, pp. 3-4 (La. App. 4 Cir. 2/7/07), 952 So.2d 770, 772-73 (quoting State v. Harry, 2001-2336, pp. 9-10 (La.App. 4 Cir. 6/26/02), 823 So.2d 987, 995).
IsAppellate courts review entrapment allegations under the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard of review for sufficiency of the evidence. Nions, 2006-1374, p. 4, 952 So.2d at 773. The relevant inquiry is whether a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could conclude by a preponderance of the evidence that the defendant was entrapped. Id.
To support his position, Mr. Jones asserts in his appellate brief that: “Detective Hughes may not have intended to convey the message to Mr. Jones that he could wait as long as he did to comply with the registration requirements. However the advice had that precise result.” We note that, because entrapment was not argued to the trial court, there is no trial court finding on this issue to review. Nevertheless, viewing the record in a light most favorable to the prosecution, we find no evidence indicating that Jones could show by a preponderance of the evidence that he was entrapped. Det. Hughes does not indicate that he ever advised Mr. Jones to wait to comply with any requirements regarding either registration or notification. Mr. Jones does not point out any specific testimony by Det. Hughes to this effect. Rather, Mr. Jones relies solely upon the testimony of Ms. Picot. Her testimony at best indicates Det. Hughes warned Mr. Jones’s family that if Mr. Jones continued to change residences so frequently, he would face paying for multiple notifications. This evidence fails to substantiate the defendant’s assertion that Det. Hughes advised him to wait before making his notifications.
We therefore find no merit in Mr. Jones’ argument that Det. Hughes entrapped him.
I ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, Mr. Jones asserts that his trial counsel was ineffective for failing to argue that Det. Hughes entrapped him. This assignment of error has no merit.
Generally, claims of ineffective assistance of counsel are more properly raised by application for post-conviction relief in the trial court where a full eviden-tiary hearing may be conducted if warranted. State v. Howard, 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802. However, where the record is sufficient, these claims may be addressed on appeal. State v. Wessinger, 98-1234, p. 43 (La.5/28/99), 736 So.2d 162, 195; State v. Bordes, 98-0086, p. 7 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147.
Ineffective assistance of counsel claims are reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *1067 State v. Brooks, 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337 (on rehearing); State v. Robinson, 98-1606, p. 10 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 126. In order to prevail, the defendant must show both that: (1) counsel’s performance was deficient; and (2) he was prejudiced by the deficiency. Brooks, supra; State v. Jackson, 97-2220, p. 8 (La.App. 4 Cir. 5/12/99), 733 So.2d 736, 741. Counsel’s performance is ineffective when it is shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064; State v. Ash, 97-2061 p. 9 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, 669.
| mThe record on appeal reveals no deficient performance by counsel. As discussed above, the record does not indicate Det. Hughes ever entrapped Mr. Jones by telling him he could wait to mail out his sex offender notifications. Therefore, the record does not demonstrate any error by counsel, or any prejudice to Mr. Jones, resulting from his counsel’s failure to assert this defense. We therefore reject this assignment of error.

CONCLUSION

The evidence demonstrates that Mr. Jones violated La. R.S. 15:542.1.4 A(l) by failing to timely inform the applicable authority of his address changes and by failing to complete community notification requirements. Both of Mr. Jones’ assignments of error depend on a finding that he was entrapped into failing to timely update information as to his residence and/or complete the notification requirements. The record on appeal does not show he was entrapped. Accordingly, we affirm Mr. Jones’ conviction and sentence.
AFFIRMED

. Mr. Jones initialed the bottom of each page of the form and dated it, "1/13/10” next to a line stating, "I attest that the information that I have provided and listed above as accurate.” He also signed a certification at the end.

. Det. Hughes testified that the registrant is similarly required to notify the police of any change in the information he has provided within three days of the change.